UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL LEE POTTER and
JOLEEN POTTER,

    Plaintiffs,

v.                                                                                                  Case No: 8:20-cv-2204-T-30TGW

PROGRESSIVE AMERICAN
INSURANCE COMPANY,

    Defendant.

## ORDER

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss (Dkt. 8) and Plaintiffs' Response in Opposition (Dkt. 16). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Defendant's motion should be converted to a motion for summary judgment because it relies on evidence that is outside the complaint. The Court will provide Defendant fourteen days to supplement this motion with any further evidence and then Plaintiffs will have fourteen days to file their response.

## DISCUSSION

Plaintiffs filed the instant common law insurance bad faith action against Defendant Progressive American Insurance Company in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. Progressive then removed the action to this Court based on diversity jurisdiction and filed the instant motion to dismiss.

Progressive argues that this action is subject to dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure because an element of the bad faith action—obtaining an excess judgment—is lacking.[1]

To prevail in a bad faith case, there must be "a causal connection between the damages claimed and the insurer's bad faith." *Perera v. U.S. Fid. & Guar. Co.,* 35 So. 3d 893, 903–04 (Fla. 2010); *Cunningham v. Standard Guar. Ins. Co.*, 630 So. 2d 179, 181–82 (Fla. 1994) ("[A] third party must obtain a judgment against the insured in excess of the policy limits before prosecuting a bad-faith claim against the insured's liability carrier."). If a plaintiff can show breach and causation, he can show injury. The amount of liability that exceeds the policy limits is the injury. *United Servs. Auto Ass'n v. Jennings*, 731 So. 2d 1258, 1259 n.2 (Fla. 1999). An excess judgment is required before the bad faith case can proceed. "Causation is a prerequisite for the claim: for an insured to bring a bad faith claim, the injured party must first win an excess judgment." *Cawthorn v. Auto-Owners Ins. Co.*, 791 F. App'x 60, 64–66 (11th Cir. 2019) (citing *Cunningham*, 630 So. 2d 179 at 181–82).

There are three exceptions to the excess judgment rule that are deemed "functional equivalents" of an excess judgment under Florida law. *Cawthorn*, 791 F. App'x at 64-66 (citing *Perera v. U.S. Fid. & Guar. Co.*, 35 So. 3d 893, 899 (Fla. 2010)). The first exception is called a *Cunningham* agreement, wherein the insurance company and the

---

[1] Progressive's argument that a more definite statement is required is denied. The bad faith claim complies with the pleading requirements.

2

injured third party agree to try the bad faith claim first, and, if the jury finds no bad faith, the parties agree to settle for the policy limits. *Cunningham*, 630 So. 2d at 182.

The second exception is called a *Coblentz* agreement. *Coblentz* agreements arise when the insurance company fails to defend the insured and, in response, the insured and the injured third party agree to settle the suit and allow the injured third party to sue the insurance company on a theory of bad faith. *Coblentz*, 416 F.2d at 1063; *Steil v. Fla. Physicians' Ins. Reciprocal*, 448 So. 2d 589, 591 (Fla. 2d Dist. Ct. App. 1984).

The third exception occurs when an excess carrier incurs damages because the primary carrier acted in bad faith. In such cases, an excess carrier may bring a bad faith claim against a primary insurer "by virtue of equitable subrogation." *Perera*, 35 So. 3d at 900.

Progressive argues dismissal is appropriate because there is no excess judgment or its functional equivalent in this case. Progressive states the following facts in its motion. A stipulated final judgment in the underlying action was entered on December 4, 2018, pursuant to the underlying court's November 19, 2018 order, granting the defendant's motion to enforce settlement. Progressive's motion attaches the December 4, 2018 final judgment, as well as a copy of the November 19, 2018 order granting the motion to enforce settlement. Progressive then argues that "the stipulated final judgment is not an excess judgment as there was no trial in the underlying action and it was accepted by Evans pursuant to the Proposals for Settlement from the Plaintiffs." (Dkt. 8).

3

The general rule is that a court must convert a motion to dismiss to a motion for summary judgment if it considers materials outside of the complaint. *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 1990). There are exceptions to that general rule. For example, a Court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment. *Universal Express, Inc. v. U.S. Sec. & Exch. Comm'n*, 177 F. App'x 52, 53 (11th Cir. 2006). "It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court." *Jones v. Auto. Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1531–32 (11th Cir. 1990).

Progressive argues that the Court may consider the attached final judgment and underlying order from the state court because they are akin to public records and their authenticity is not at issue. The Court agrees that it appears, based on its review of the final judgment and underlying order, that none of the exceptions to the classic excess judgment scenario apply. But these two documents are not dispositive on this issue. The Court must analyze the underlying facts and circumstances that led to the entry of final judgment to be sure.

Notably, every case Progressive relies on in its motion to dismiss (including this Court's Order in *Pelaez v. Gov't Employees Ins. Co.*, No. 8:19-CV-910-T-30JSS, 2020 WL 4458967 (M.D. Fla. May 15, 2020)) decided this issue on summary judgment after the record was developed on the circumstances surrounding the entry of judgment. The courts discussed certain factors, like whether the insurance company was a party to the consent judgment—or was aware of and agreed to be bound by the terms of the judgment—and

4

whether the insurance company properly defended the underlying action. *See e.g., Pelaez*, 2020 WL 4458967, at *6 ("Here, none of the exceptions to the classic scenario of an excess judgment apply. The consent judgment is not a *Cunningham* agreement because, unlike in *Cunningham*, the insurer, GEICO, was not a party to the consent judgment. The consent judgment is not a *Coblentz* agreement because it is undisputed that GEICO did not neglect its duty to defend."); *Pratt v. Gov't Employees Ins. Co.*, No. 8:18-CV-1607-T-36AEP, 2020 WL 3618448, at *13 (M.D. Fla. July 2, 2020) (holding an excess judgment was lacking as a matter of law after analyzing in detail the record evidence surrounding the entry of judgment in the underlying action); *McNamara v. Gov't Employees Ins. Co.*, No. 8:17-CV-3060-T-23CPT, 2020 WL 5223634, at *3–*4 (M.D. Fla. July 29, 2020) (same).

The Court concludes that the proper course is to convert the motion so that both parties have the opportunity to present the relevant facts. When a court converts a motion to dismiss to a motion for summary judgment, it must comply with the requirements of Rule 56 by notifying the parties of the conversion and providing at least ten days for the parties to supplement the record accordingly. *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002). Accordingly, Progressive shall have fourteen (14) days from the date of this Order to file any supplemental evidence and briefing related to the issue of whether an excess judgment or its equivalent is established. Plaintiffs shall have fourteen (14) days from the supplemental filing to respond.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Dkt. 8) is converted to a Motion for Summary Judgment as explained in more detail herein.

**DONE** and **ORDERED** in Tampa, Florida, this October 22, 2020.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record